**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4931**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

LEONARDO DELEON, a/k/a Cristan Reconco-Solorzano,

 Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:09-cr-01042-TLW-1)

Submitted:  January 27, 2011      Decided:  February 18, 2011

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, Robert F. Daley, Jr., William E. Day, II,
Assistant United States Attorneys, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonardo DeLeon pled guilty to one count of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326 (2006). Under the properly calculated Sentencing Guidelines, DeLeon's base offense level was eight and he received a sixteen-level increase because he was deported after having committed a crime of violence. See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2009). The district court sentenced DeLeon to seventy months' imprisonment, or the low end of the Guidelines. On appeal, DeLeon claims that the sentence is unreasonable because the sixteen-level increase creates an unwarranted sentencing disparity. Finding no error, we affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A sentence imposed within the properly calculated Guidelines range, as was DeLeon's, is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

The district court was aware it could impose a sentence below the Guidelines sentence based on DeLeon's

argument. See Kimbrough v. United States, 552 U.S. 85, 101-07 (2007). However, the court was not obligated to agree with the argument, and in this case concluded that the sixteen-level increase was appropriate. "The district court is better situated to weigh the Guidelines' policy considerations as applied to a particular defendant, and our deference to the exercise of that discretion, backed up by the [Sentencing] Commission's deliberations, is proper." United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir.) (alteration added), cert. denied, 130 S. Ct. 192 (2009). There is nothing to suggest that DeLeon's within-Guidelines sentence is anything but reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED